**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DR. PHILLIPS, INC.,

        Plaintiff,

v.                                                     Case No:   6:25-cv-1585-CEM-LHP

RITA HINSON,

        Defendant

_____

**ORDER**

Before the Court is Defendant Rita Hinson's Motion to Compel Plaintiff Dr. Phillips, Inc. to Respond Adequately to Defendant's First Set of Discovery Requests. Doc. No. 33.   Defendant seeks to compel Plaintiff to fully respond and produce responsive information, over Plaintiff's objections, to her Interrogatory 9; Requests for Production 1–17, 21, and 22; and Requests for Admission 1–3, 46–54, 56–60.   *Id.* Plaintiff opposes as it relates to Interrogatory 9 and the Requests for Production, arguing that those requests seek information wholly irrelevant to the claims and defenses in the case.   Doc. No. 36.   With the response, however, Plaintiff attaches amended responses to the Requests for Admission.   Doc. No. 36-2.

Upon consideration of the parties' filings, the Court finds supplemental briefing appropriate. *See* Doc. No. 22 ¶ 6. Accordingly, it is **ORDERED** that within **ten (10) days** of the date of this Order, Defendant shall file a reply brief, not to exceed **ten (10) pages** in length. The reply brief shall include as an attachment a copy of Interrogatory 9 and Plaintiff's response, which does not appear to be attached to the motion. *See* Doc. No. 33; *see also* Doc. No. 22 ¶ 3. The reply brief shall also specifically: (1) address whether Plaintiff's service of amended responses to the Requests for Admission (Doc. No. 36-2) moots Defendant's motion in this regard, and, if not, the issues that remain for resolution by the Court with regard to the Requests for Admission; (2) explain, by citation to legal authority and the case filings, how Interrogatory 9 and Requests for Production 1–17, 21, and 22 seek information relevant to the claims and defenses in this case;[1] (3) address, with citation to specific discovery requests, Defendant's contention that Plaintiff has sought the same information in discovery as sought in Interrogatory 9 and Requests for Production 1–17, 21, and 22; and (4) address any other issue Defendant deems appropriate to resolution of the motion (Doc. No. 33).

---

[1] "When relevancy of a discovery request is not apparent on the face of the request, then the party seeking discovery has the burden to show its relevancy." *Bldg. Materials Corp. of Am. v. Henkel Corp.*, No. 6:15-cv-548-Orl-22GJK, 2016 WL 7734066, at *1 n.1 (M.D. Fla. Aug. 26, 2016) (quoting *Zorn v. Principal Life Ins. Co.*, No. CV 609-081, 2010 WL 3282982, at *2 n.3 (S.D. Ga. Aug. 18, 2010)).

Within **ten (10) days** of the filing of the reply, Plaintiff may file a sur-reply, not to exceed **ten (10) pages** in length, addressing the issues raised by Defendant's reply, with citation to legal authority in support.   Upon receipt of the parties' briefing, the Court will take the matter under advisement, and set further proceedings as appropriate.   The parties are reminded of their obligation to continue to confer concerning the dispute and to promptly notify the Court if they resolve the motion in whole or in part.   *See* Doc. No. 22 ¶ 8.

**DONE** and **ORDERED** in Orlando, Florida on April 17, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record