**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DR. PHILLIPS, INC.,

        Plaintiff,

v.                                                                    Case No:   6:25-cv-1585-CEM-LHP

RITA HINSON,

        Defendant

 

## ORDER

Before the Court is Defendant Rita Hinson's Motion to Compel Plaintiff Dr. Phillips, Inc. to Respond Adequately to Defendant's First Set of Discovery Requests. Doc. No. 33.   Plaintiff opposes.   Doc. No. 36.   The Court ordered further briefing from the parties, Doc. No. 37, which they have now filed, Doc. Nos. 38, 39.   The matter is ripe for review.   For the reasons that follow, Defendant's motion (Doc. No. 33) will be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND.

This case concerns Plaintiff Dr. Phillips, Inc.'s claims against Defendant Rita Hinson for trademark infringement, unfair competition, trademark dilution, and cyberpiracy/cybersquatting.   Doc. No. 1.   Plaintiff owns and has registered three

(3) trademarks, to include the word mark "DR. PHILLIPS CHARITIES" and a stylized word mark and another picture mark containing the term "D. Phillips." *Id.* ¶¶ 15–17.   Plaintiff also claims that it has a common law mark for "Dr. Phillips Leadership Award."   *Id.* ¶ 36.   Plaintiff alleges that Defendant registered and/or owned/controlled two domain names, www.drphillipscharities.com and www.drphillipscharities.org, as well as a YouTube username "Dr Phillips Leadership," which are unauthorized uses of Plaintiff's marks resulting in consumer confusion.   *Id.* ¶¶ 27, 32–34, 35–42.

Plaintiff explains that James "Jim" Hinson was the former president, CEO, and chairman of Dr. Phillips, Inc., but he retired in 2008 and passed away in 2015. *Id.* ¶ 23.   Defendant is Mr. Hinson's widow.   *Id.* ¶ 24.   Defendant served on Plaintiff's board of directors from 2015 to 2017, but has not had any association with Plaintiff since that time.   *Id.* ¶¶ 24–25.   Defendant's websites at issue contain information about Mr. Hinson's life and career and have several references to Mr. Hinson's charitable efforts for Plaintiff.   *Id.* ¶ 26.   An arbitrator has ordered transfer of the www.drphillipscharities.com domain to Plaintiff.   *Id.* ¶¶ 27–31. But Plaintiff claims that the other domain, www.drphillipscharities.org, and the YouTube username infringe on Plaintiff's trademarks, fully incorporate Plaintiff's marks, and are confusingly similar to Plaintiff's trademarks.   *Id.* ¶¶ 35–42.

Defendant has answered the complaint and asserted a counterclaim against Plaintiff.   Doc. No. 27; *see also* Doc. Nos. 12, 24, 26.   The counterclaim incorporates sixty (60) paragraphs of factual allegations relating to Defendant's and Mr. Hinson's relationship, experience, and/or criticisms of Plaintiff and/or its board or staff, in particular "the company's then-new CEO, Mr. Kenneth Robinson," and includes Defendant's explanation as to why she registered the website domains at issue, but Defendant does not generally dispute the facts underlying Plaintiff's claims, *i.e.*, the use and creation of the website domains.   Doc. No. 27, at 15–27 ¶¶ 1–60. Defendant brings a counterclaim for declaratory judgment and transfer of domain name related to the arbitrator's transfer of www.drphillipscharities.com to Plaintiff, seeking a declaration that registration of www.drphillipscharities.com was not unlawful or in bad faith, and requesting that it be transferred back to Defendant. *Id.* at 27–29; *see also* 15 U.S.C. § 1114(2)(D)(v).

Plaintiff has filed a motion to dismiss the counterclaim, arguing failure to state a claim because Defendant registered the www.drphillipscharities.com domain in bad faith.   Doc. No. 28, at 5–10; *see also* Doc. No. 32.   Alternatively, Plaintiff requests that the Court strike "immaterial, impertinent, and scandalous matter" from the counterclaim, such that several of Defendant's factual allegations, particularly those related to Kenneth Robinson, are irrelevant and unrelated to any

claim or defense.  Doc. No. 28, at 10–12.  Defendant opposes the motion.  Doc. No. 29.  The motion remains pending before the presiding District Judge.

By the present motion, Defendant seeks to compel Plaintiff to fully respond and produce responsive information, over Plaintiff's objections, to her discovery requests, specifically Interrogatory 9; Requests for Production 1–17, 21, and 22; and Requests for Admission 1–3, 46–54, 56–60.  Doc. No. 33.  Generally speaking, the discovery requests seek information related to Defendant's allegations in the counterclaims, to include information related to the Jim Hinson Leadership Award, Plaintiff's use (or lack of use) of information related to Jim Hinson, actions by or relating to Kenneth Robinson, Plaintiff's award of grants, Plaintiff's actions related to Defendant's board position, and Defendant's use of and actions related to the website domains.  Doc. Nos. 33-3, 36-2, 38-2.  Plaintiff objects on the basis of relevancy.  *Id.*  Plaintiff opposes Defendant's motion on relevancy grounds as well.  Doc. No. 36.  With briefing complete, *see* Doc. Nos. 33, 36, 38, 39, the matter is ripe for review.

## II.    LEGAL STANDARDS.

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible."  *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citing Fed. R. Civ. P. 26(b)(1)).  Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense."   Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).   *See also Poleon v. Lines*, No. 6:14-cv-2034-Orl-40TBS, 2016 WL 1030803, at *1 (M.D. Fla. Mar. 15, 2016) (if Court is in doubt concerning the relevancy of requested discovery the discovery should be permitted (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984))).

Generally, "[t]he proponent of a motion to compel discovery . . . bears the initial burden of proving that the information sought is relevant."   *Creative Touch Interiors, Inc. v. Nicholson*, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015) (citation omitted).   "When the discovery sought appears relevant on its face, the party resisting it must show the lack of relevance . . . ."   *Bldg. Materials Corp. of Am. v. Henkel Corp.*, No. 6:15-cv-548-Orl-22GJK, 2016 WL 7734066, at *1 n.1 (M.D. Fla. Aug. 26, 2016) (quoting *Zorn v. Principal Life Ins. Co.*, No. CV 609-081, 2010 WL 3282982, at *2 n.3 (S.D. Ga. Aug. 18, 2010)).   However, "[w]hen relevancy of a discovery request is not apparent on the face of the request, then the party seeking discovery has the burden to show its relevancy."   *Id.* (quoting *Zorn*, 2010 WL 3282982, at *2 n.3); *see also Yergey v. Brinker Fla., Inc.*, No. 6:20-cv-917-Orl-37LRH, 2020 WL 10817752, at *1 (M.D. Fla. Dec. 9, 2020).

### III.   ANALYSIS.

As set forth above, the central dispute between the parties is whether Defendant's discovery requests seek information relevant in this case.   Doc. Nos. 33, 36, 38, 39.[1]   Defendant contends that each of the requests seek information relevant to the issue of Defendant's lack of bad-faith intent to profit from the domain names, and Defendant argues that Plaintiff cannot unilaterally limit discovery based on arguments in a motion to dismiss Defendant's counterclaim. Doc. Nos. 33, 38.   Defendant also says that Plaintiff has issued discovery requests seeking the same or similar information from Defendant.   *Id.*

Plaintiff, on the other hand, says that intent is not an element of its trademark claims, and the discovery requests are not relevant to Defendant's lack of bad faith intent to profit as it relates to Plaintiff's cybersquatting claim, Defendant's perceived unfair treatment is not at issue in this case, and the discovery requests are intended solely to embarrass Plaintiff.   Doc. Nos. 36, 39.   According to Plaintiff, including allegations in a counterclaim does not them make part of Defendant's claims, Doc.

---

[1]   In her briefing, Defendant also argues that Plaintiff's responses to the discovery requests fail to meet the specificity requirements of the Federal Rules of Civil Procedure. Doc. No. 33, at 2; Doc. No. 38, at 9.   The Court finds this argument unpersuasive, as although Plaintiff asserts the same objection to several discovery requests, Plaintiff's objections are not boilerplate, unlike in the case on which Defendant relies.   *See id.*; *SOS Res. Servs., Inc. v. Bowers*, No. 14-22789-CIV, 2017 WL 9672796, at *4 (S.D. Fla. Mar. 17, 2017).

No. 36, although Plaintiff acknowledges that it has sought discovery from Defendant regarding these same facts, Doc. No. 39, at 9.[2]

Upon consideration, and given the broad standards for relevance, the Court finds that Defendant has the better argument.[3]   For one, Plaintiff cites no legal authority supporting the denial of discovery on these issues on relevance grounds; instead, Plaintiff disputes the merits of the counterclaim as set forth in its motion to dismiss.   Doc. Nos. 36, 39.   But as discussed above, the motion to dismiss remains pending at this time, no stay of discovery has been requested or issued thereon, and thus, the arguments made regarding the merits of Defendant's position as challenged in the pending motion to dismiss are not a basis for Plaintiff to not respond to discovery.   *Cf. Nationwide Indus., Inc. v. D&D Techs. (USA), Inc.*, No. 8:12-cv-2372-T-27EAJ, 2013 WL 12155945, at \*2 (M.D. Fla. Aug. 8, 2013) ("Despite the Court's denial of Defendants' motion to stay discovery, Defendants continue to assert objections to the document requests and interrogatories based on their pending motion to dismiss.   These objections are without merit.   These discovery

---

[2] For example, Plaintiff issued discovery requests to Defendant asking for documents related to Ken Robinson and to the Jim Hinson Leadership Award, Doc. No. 33-6, at 29, 30 (requests 17, 24), and sought admissions as it relates to Ken Robinson, as well as Defendant and Mr. Hinson's contributions to Dr. Phillips, Doc. No. 33-6, at 18 (requests 14, 16–18).

[3] In their briefing, the parties discuss the discovery requests collectively and do not distinguish amongst same.   Doc. Nos. 33, 36, 38, 39.   Based thereon, the Court follows suit, and applies the same analysis to all of the discovery requests at issue.

requests are relevant to Plaintiff's claims . . . ."); *see generally Vision Constr. Ent., Inc. v. Argos Ready Mix, LLC*, No. 3:15cv534-MCR-CJK, 2017 WL 10084359, at *3 (N.D. Fla. June 28, 2017) ("Discovery should not be prohibited merely because it relates to claims or defenses . . . based on an alleged insufficient theory." (citations omitted)).[4]

Moreover, Plaintiff has not established that the discovery requests are wholly irrelevant to Plaintiff's claims or Defendant's counterclaim.   As discussed above, the discovery sought relates to factual allegations in Defendant's counterclaim, and Defendant's stated basis for the discovery is that it is relevant to her lack of a bad faith intent to profit, which is an element of Plaintiff's cybersquatting claim, and a necessary showing for Defendant's counterclaim.   *See* 15 U.S.C. § 1125(d)(1); *Mira Holdings, Inc. v. Regents of Univ. of California*, No. 6:18-cv-190-Orl-37GJK, 2018 WL 8244597, at *3 (M.D. Fla. Dec. 10, 2018) (addressing 15 U.S.C. § 1114(2)(D)(v), which includes consideration of the factors under § 1125(d)(1)(B)).[5]

Although Plaintiff argues that Defendant fails to meet the nine (9) statutory factors courts consider when addressing whether there was a bad faith intent to

---

[4] Despite Plaintiff disclaiming reliance on the pending motion to dismiss and arguing that the issue is one of relevancy, *see* Doc. No. 36-1, at 2, the vast majority of Plaintiff's objections to the discovery requests reference the pendency of the motion to dismiss as a basis for not responding to the discovery.   *See* Doc. Nos. 33-3, 36-2.

[5] As Defendant points out in reply, Doc. No. 38, at 5, "the intent of the alleged infringer to misappropriate the proprietor's good will" is also relevant to the inquiry of consumer confusion on the trademark infringement claim.   *See FCOA LLC v. Foremost Title & Escrow Servs. LLC*, 57 F.4th 939, 947 (11th Cir. 2023) (citation omitted).

profit, as Plaintiff also acknowledges, these factors are non-exclusive.   15 U.S.C. §

1125(d)(1)(B)(i); *see also S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1249 (11th

Cir. 2009) ("A court's analysis of whether a defendant had the bad faith intent to

profit necessary to a cybersquatting claim is not based on a score card of the

statutory factors," as "the factors are permissive considerations." (citation

omitted)).   And until resolution of the pending motion to dismiss, the merits of

which the undersigned does not speak to, the undersigned will not foreclose the

possibility that Defendant's allegations related to her lack of bad faith, such as her

motives behind registration and use of the domains, might be relevant to this

inquiry.   *See generally Amplify Car Wash Advisors LLC v. Car Wash Advisory LLC*, 770

F. Supp. 3d 625, 641–42 (S.D.N.Y. 2025) ("[T]he ACPA expressly allows

consideration of factors beyond the nine enumerated indicia and a number of courts

. . . have departed strict adherence to the statutory indicia and relied expressly on a

more case-specific approach to bad faith." (citations and quotation marks omitted));

*see also Talentscale, Inc. v. Aery Aviation, LLC*, 802 F. Supp. 3d 1370, 1378 (N.D. Fla.

2025) ("Discovery should ordinarily be allowed under the concept of relevancy

unless it is clear that the information sought has no possible bearing on the subject

matter of the action." (citation omitted)).[6]

---

[6] As Defendant points out in reply, Doc. No. 38, at 4–5, Defendant also asserts defenses of nominative fair use and freedom of expression, that the registration and use of the domains were in good faith and for legitimate non-commercial uses, and that the

In sum, given the broad standards for relevance, and that Plaintiff's arguments against discovery are essentially merits-based, the relevancy objection will be overruled, and Plaintiff will be compelled to respond to Defendant's discovery.   Upon consideration, however, the Court declines to impose sanctions in this instance, and thus Defendant's request for attorneys' fees for filing the motion will be denied.   *See* Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

## IV.   CONCLUSION.

Based on the foregoing, it is **ORDERED** as follows:

1.      Defendant's Motion to Compel Plaintiff Dr. Phillips, Inc. to Respond Adequately to Defendant's First Set of Discovery Requests (Doc. No. 33) is **GRANTED in part.**

2.      Plaintiff's relevancy objections to Interrogatory 9; Requests for Production 1–17, 21, and 22; and Requests for Admission 1–3, 46–54, and 56–60 are **OVERRULED**.

---

complaint was brought in bad faith to intimidate and silence Defendant from speaking about her deceased husband's accomplishments, for which Plaintiff's current CEO is taking credit.   *See* Doc. No. 27, at 13–15.   These defenses remain in the case at this time. *See generally Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073-CIV, 2007 WL 9706998, at *4 (S.D. Fla. Feb. 27, 2007) ("[I]n ruling on discovery motions, the court should not rule upon ultimate questions, such as the legal sufficiency of affirmative defenses." (and cases cited therein)); *see also* 15 U.S.C. § 1125(d)(1)(B)(ii) ("bad faith intent to profit" may not be found "in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful").

3.    Within **fourteen (14) days** of this Order, Plaintiff shall produce to Defendant all documents in its current possession, custody, or control responsive to Requests for Production 1–17, 21, and 22.   *See* Doc. No. 36-2.

4.    Within **fourteen (14) days** of this Order, Plaintiff shall serve on Defendant an amended and verified answer to Interrogatory 9.   *See* Doc. No. 38-2.

5.    Within **fourteen (14) days** of this Order, Plaintiff shall serve on Defendant amended responses to Requests for Admission 1–3, 46–54, and 56–60.   *See* Doc. No. 36-2.

6.    Defendant's motion (Doc. No. 33) is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 11 -